

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 2, 1961

Hon. J. M. Falkner                    WW-1102
Commissioner
Department of Banking         Re:  Whether a bank and trust company,
Austin 14, Texas                       as trustee of funds contributed
                                                to by the bank and its employees
                                                under submitted profit-sharing
                                                and savings plan and trust agree-
                                                ment, may lawfully make loans
                                                from this fund to its employees
Dear Mr. Falkner:                      who are beneficiaries of the trust.

        You request the opinion of this office as to whether a
bank and trust company, under a Profit-Sharing and Savings Plan
and Trust Agreement for its employees may lawfully make loans
from this fund to its employees who are the beneficiaries of the
trust.

        Your request states that the bank and trust company has
adopted a profit-sharing and savings plan and trust agreement for
its employees. Under this plan the bank, called employer, and the
employees of the bank make contributions to a fund from which re-
tirement, disability and death benefits may be paid to employees,
their beneficiaries or their estates in accordance with the terms
and conditions thereof. The bank, in addition to being the em-
ployer under this plan, also acts as the trustee of the funds so
contributed. It has been the practice of the bank acting in this
capacity as trustee to permit employees who are members under the
plan and trust agreement to borrow against their equities in such
trust funds, the amounts loaned to such borrowers being limited
in each instance to the extent of the borrowers' vested interest
in the plan.

        Paragraph 8.06(C) of the agreement is as follows:

        "Loans to Members: Anything to the contrary herein
        contained notwithstanding the Committee may, in its
        sole discretion, permit a Plan member to borrow
        against his equity to the extent of his vested in-
        terest in the Plan. The decision of the Committee
        as to the approval or disapproval of the loan shall
        be final, subject only to the qualification that
        all applicants similarly situated shall be treated
        by the Committee in a uniform and non-discriminatory
        manner. If the Committee approves an application

for a loan, it shall so notify the Trustee, whereupon the Trustee shall make the stipulated loan to the member with annual interest thereon at such rate as shall have been approved by the Committee for the Plan year in which the loan is made, in accordance with the provisions of Section 10.03. In the event that the said member terminates his membership for any reason before the loan is repaid, any unpaid balance including interest thereon shall constitute a charge against his interest as of the date of such termination, but, for purposes of allocation of employer contributions under Section 7.01 and allocation of increment and decrement under Section 7.02, the loan shall be considered as having never been made. Payment shall be in accordance with Section 8.07."

The profit-sharing and savings plan in question is, in fact, a pension trust as defined in Section 1, Article 7425d, Vernon's Civil Statutes. Section 2, Article 7425d, V.C.S., specifically provides that a pension trust shall be a trust within the meaning of Section 2 of the Texas Trust Act, which is codified as Article 7425b-1, et seq.

Article 7425b-10 of the Texas Trust Act is as follows:

"Except as provided in Section 11 of this Act, a corporate trustee shall not lend trust funds to itself or an affiliate (as defined herein), or to any director, officer, or employee of itself or of an affiliate; nor shall any noncorporate trustee lend trust funds to himself, or to his relative, employer, employee, partner, or other business associate."

The powers of the Trustor, the bank and trust company, and the beneficiaries, its employees, under the profit-sharing plan and agreement are further restricted by the following provisions of the Texas Trust Act:

"Art. 7425b-22. Power of trustor

"The trustor of any trust affected by this Act may, by provisions in the instrument creating the trust, or by an amendment of the trust if the trustor reserved the power to amend the trust, relieve his trustee from any or all of the duties,

restrictions, and liabilities which would otherwise be imposed upon him by this Act; or alter or deny to his trustee, any or all of the privileges and powers conferred upon the trustee by this Act; or add duties, restrictions, liabilities, privileges, or powers to those imposed or granted by this Act; but no act of the trustor shall relieve a corporate trustee from the duties, restrictions, and liabilities imposed upon it by Sections 10, 11, and 12 of this Act. . . ."
(Emphasis supplied)

"Art. 7425b-23. Power of beneficiary

"Any beneficiary of a trust affected by this Act may, if of full legal capacity and acting upon full information, by written instrument delivered to the trustee, relieve the trustee as to such beneficiary from any or all of the duties, restrictions, responsibilities and liabilities which would otherwise be imposed on the trustee by this Act, including the release of the trustee from any or all liability to such beneficiary for past violations of any of the provisions of the Act, except as to the duties, restrictions, and liabilities imposed on corporate trustees by Sections 10, 11, and 12 herein. . . ." (Emphasis supplied)

The restrictive provisions of Articles 7425b-10, 7425b-22, and 7425b-23, V.C.S. have not been officially construed by any of the appellate courts of this State. However, under the clear and unambiguous language of Article 2425b-10, Sec. 8.06(C) of the profit-sharing and savings plan, which permits an employee of the bank and trust company, as trustee of the plan, to borrow money as a plan member to the extent of his vested interest in the plan, is violative of the provisions of Articles 7425b-10, 7425b-22, and 7425b-23, V.C.S., and is therefore unlawful.

## SUMMARY

A bank and trust company, as trustee of funds contributed to by the bank and its employees under a profit-sharing and savings plan and trust agreement, is prohibited from making loans from the fund

Hon. J. M. Falkner, page 4   (WW-1102)

        to its employees who are beneficiaries of the trust
plan by the provisions of Articles 7425b-10, 7425b-
22, and 7425b-23, V.C.S.

                        Very truly yours,

                        WILL WILSON
                        Attorney General of Texas

By

                        C. K. Richards
CKR:wb                        Assistant


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Fred Werkenthin
Thomas Burrus
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL

BY:    Morgan Nesbitt